IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | CRIMINAL NO. 23-CR-30102-DWD |
| | : | |
| ALMAHDE H. NIJMEH, | : | |
| | : | |
| DEFENDANT. | : | |

**PRELIMINARY ORDER OF FORFEITURE PURSUANT TO
FED.R.CRIM.P 32.2 WITH RESPECT TO ALMAHDE H. NIJMEH**

In the Information filed in the above cause on August 16, 2023, the United States sought forfeiture of property of defendant, Almahde H. Nijmeh, pursuant to 7 U.S.C. ' 2024(e) and (f), 18 U.S.C. ' 981(a)(1)(C) and 28 U.S.C. ' 2461. The court, upon consideration of the guilty plea in this matter, hereby finds that the following property is forfeitable and hereby orders forfeited the following property:

1. **A 2017 Dodge Ram 1500 Pickup having vehicle identification number 1C6RR7FT3HS590130, with all accessories, attachments, and components thereon**.

2. **$1,239,546.79 in United States funds, in that such sum in aggregate was received as proceeds from Food Stamp Fraud, or is traceable thereto, less credit for any of the items listed below:**

3. **$14,273.65 from an account at Associated Bank ending in *7356;**

4. **$36,504.72 from an account at Commerce Bank ending in *2690; and**

5. **$7,600 in United States Currency.**

A forfeiture judgment is entered in favor of the United States and against defendant Almahde H. Nijmeh in the amount of $1,239,546.79.  This judgment may be enforced as an

ordinary monetary judgment, by the forfeiture of substitute assets, or by a combination of both, as long as double recovery is not obtained by the government.

**Substitute property:**

In the event that any of the above-listed property or funds, as a result of any acts or omissions of the defendant, 1) cannot be located upon the exercise of due diligence, 2) has been transferred or sold to, or deposited with, a third party, 3) has been placed beyond the jurisdiction of the court, 4) has been substantially diminished in value, or 5) has been commingled with other property which cannot be divided without difficulty, the defendant shall forfeit any other of his property up to the value of the property which 1) cannot be located upon the exercise of due diligence, 2) has been transferred or sold to, or deposited with, a third party, 3) has been placed beyond the jurisdiction of the court, 4) has been substantially diminished in value, or 5) has been commingled with other property which cannot be divided without difficulty, pursuant to Title 18, United States Code, Section 853(p).

The United States shall, under the authority of 21 U.S.C. § 853(n)(1) to "publish notice of the order and of its intent to dispose of the property in such matter as the Attorney General may direct," provide notice of the forfeiture and the right of persons other than the defendant who have any claim or legal interest in any of the property to file a petition with the Court. The notice shall be provided in a manner consistent with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the

validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States shall, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as the substitute for the published notice to those persons so notified.

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

In that the forfeiture of **$1,239,546.79 in United States funds,** constitutes a forfeiture money judgment, it is not necessary for the United States to publish or provide notice or for the Court to conduct an ancillary hearing.

The property custodian for the United States Marshals Service or the custodian for the Immigration and Customs Enforcement shall seize and reduce to his possession, if he has not already done so, the above-described property.

This Order, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, shall become final with respect to Defendant Almahde H. Nijmeh at the time of the Defendant's sentencing, regardless of whether or not the rights of actual or potential third-party petitioners have been determined by that time.  This Order shall be made part of the sentence of Defendant Almahde H. Nijmeh and shall be included in the Judgment imposed against the Defendant.  This Order is a final order with respect to the Defendant, and this Order may be amended with respect to petitions filed by third-parties claiming an interest

in the subject-matter forfeited property.

The United States may abandon forfeiture of any of the property by filing a notice of the abandonment with the Court.

**IT IS SO ORDERED.**

**DATED:**  December 6, 2023

> *s/ David W. Dugan*
> **DAVID W. DUGAN**
> **United States District Court Judge**